IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHANLER CHAZE WHITEGRASS, Defendant. | CR 15-31-BMM **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Chanler Chaze Whitegrass of violating his conditions of supervised release by 1) failing to maintain employment, 2) failing to notify the probation office of a change in address, 3) consuming alcohol, 4) failing to maintain employment, and 5) failure to follow the instructions of the probation office. He admitted to violations 2 through 5. Mr. Whitegrass's supervised release should be revoked. He should be sentenced to six months in custody, with twenty-eight months of supervised release to follow.

## II. Status

On September 24, 2015, United States District Judge Brian Morris sentenced

1

Mr. Whitegrass to twenty-two months in custody, with thirty-six months of supervised release to follow, after he pleaded guilty to Strangulation. (Doc. 27). Mr. Whitegrass began his original term of supervised release on December 8, 2016.

On July 6, 2017, a non-compliance hearing was held, alleging that Mr. Whitegrass had violated the conditions of his supervision by failing to report for random drug testing, failure to report for substance abuse treatment, failure to maintain employment, failure to notify his probation officer of a change in employment, association with a convicted felon, a citation for having an open container and consuming alcohol on four separate occasions. (*See* Doc. 32). Mr. Whitegrass admitted to these violations, and on July 17, Judge Morris ordered a modification of conditions to include three months of electronic monitoring supervision. (Doc. 31).

On October 30, 2017, the Court revoked Mr. Whitegrass's supervised release based on Mr. Whitegrass's failure to report for substance abuse testing, failure to report, and failure to notify his probation officer of a change in residence, and sentenced him to two months custody with thirty-four months of supervised release to follow. (Doc. 42). Mr. Whitegrass began his current term of supervised release on October 31, 2017.

**Petition**

On May 10, 2018, the Probation Office filed a Petition asking the Court to revoke Mr. Whitegrass's supervised release.  The petition alleged that on February 6, 2018, Mr. Whitegrass was terminated from FT Soutions due to poor performance and allegedly throwing a hammer at his supervisor.  The petition further alleged that on May 3, 2018, Mr. Whitegrass's probation officer attempted to visit him at his listed address, but that Mr. Whitegrass had moved out without informing the officer.  Also, the petition alleged that on May 4, 2018, Mr. Whitegrass was found intoxicated and asleep behind a Conoco Travel Post, and that his BAC was .247.  The petition also alleged that on May 7, 2018, Mr. Whitegrass was terminated from his employment at Empire Roofing due to unexcused absences.  Finally, the petition alleged that on May 7, 2018, Mr. Whitegrass failed to appear at the probation office as instructed.  (Doc. 44).  Based on the petition, Judge Morris issued a warrant for Mr. Whitegrass's arrest.  (Doc. 45).

**Initial appearance**

Mr. Whitegrass appeared before the undersigned on July 10, 2018, in Great Falls, Montana.  Federal Defender Hank Branom accompanied him at the initial appearance.  Assistant United States Attorney Ryan Weldon represented the United

States.

Mr. Whitegrass said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceeding before the undersigned.

**Revocation hearing**

Mr. Whitegrass admitted to the violations as set forth in violations 2 through 5 in the petition. The United States did not put on any evidence in support of violation 1, which Mr. Whitegrass denied, and did not meet its burden with respect to violation 1. The admitted violations are serious and warrant revocation of his supervised release.

Mr. Whitegrass's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-four months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

### III. Analysis

Mr. Whitegrass's supervised release should be revoked because he admitted violating its conditions. Mr. Whitegrass should be sentenced to six months custody, with credit for time served, followed by twenty-eight months of

supervised release. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary. The Court further recommends that Mr. Whitegrass serve his term of custody in Federal Correctional Institution, Sandstone, Minnesota.

## IV. Conclusion

Mr. Whitegrass was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

>  The undersigned **FINDS:**
>
>> Chanler Chaze Whitegrass violated the conditions of his supervised release by 1) failing to notify the probation office of a change in address, 2) consuming alcohol, 3) failing to maintain employment, and 4) failure to follow the instructions of the probation office.
>
>  The undersigned **RECOMMENDS:**
>
>> The District Court should enter the attached Judgment, revoking Mr. Whitegrass's supervised release and committing him to the custody of the United States Bureau of Prisons for six months, with twenty-eight months. The Court further recommends that Mr. Whitegrass serve his term of custody in Federal

Correctional Institution, Sandstone, Minnesota.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 11th day of July, 2018.

John Johnston
United States Magistrate Judge