

FILED

JUN 1 1 2019

Clerk, U.S District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHANLER CHAZE WHITEGRASS,<br><br>Defendant. | CR 15-31-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Chanler Chaze Whitegrass (Whitegrass) has been accused of violating the conditions of his supervised release. Whitegrass has admitted all of the alleged violations. Whitegrass's supervised release should be revoked. Whitegrass should be placed in custody for 10 months, with no supervised release to follow.

## II. Status

Whitegrass pleaded guilty to Strangulation on June 11, 2015. (Doc. 19). The Court sentenced Whitegrass to 22 months of custody, followed by 3 years of supervised release. (Doc. 27). Whitegrass's current term of supervised release began on May 29, 2019. (Doc. 66).

### Petition

The United States Probation Office filed a Petition requesting that the Court revoke Whitegrass's supervised release on June 7, 2019. (Doc. 66). The Petition alleged that Whitegrass had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by failing to follow the instructions of his probation officer; and 3) by consuming alcohol.

### Initial appearance

Whitegrass appeared before the undersigned for his initial appearance on June 11, 2019. Whitegrass was represented by counsel. Whitegrass stated that he had read the petition and that he understood the allegations. Whitegrass waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on June 11, 2019. Whitegrass admitted that he had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by failing to follow the instructions of his probation officer; and 3) by consuming alcohol. The violations are serious and warrant revocation of Whitegrass's supervised release.

Whitegrass's violations are Grade C violations. Whitegrass's criminal

history category is I. Whitegrass's underlying offense is a Class C felony. Whitegrass could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 28 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Whitegrass's supervised release should be revoked. Whitegrass should be incarcerated for 10 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Whitegrass that the above sentence would be recommended to Judge Morris. The Court also informed Whitegrass of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Whitegrass that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Chanler Caze Whitegrass violated the conditions of his supervised release by failing to notify his probation officer of a change in residence, by failing to follow the instructions of his probation officer, and by consuming alcohol.

3

The Court **RECOMMENDS:**

That the District Court revoke Whitegrass's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 10 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 11th day of June, 2019.

John Johnston
United States Magistrate Judge